**RELIANCE INSURANCE CO. (in liquidation), a Pennsylvania corporation, Plaintiff-counter-defendant—Appellant, Cross–Appellee,**

v.

**The DOCTORS' COMPANY, Defendant-counter-claimant—Appellee. Cross–Appellant.**

Nos. 04–15558, 04–15598.
D.C. No. CV–02–00159–HG.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2005.

Decided May 26, 2005.

Elton John Bain, Kessner Duca Umebayashi Bain & Matsunaga, Honolulu, HI, Paul F. Donsbach, Kutak, Rock, LLP, Irvine, CA, for Plaintiff-counter-defendant-Appellee.

Darolyn H. Lendio, Becky T. Chestnut, McCorriston Miho Miller & Mukai, Philip W. Miyoshi, McCorriston Miller Mukai MacKinnon LLP, Honolulu, HI, for Defendant-counter-claimant-Appellant.

Before DWNELSON, KOZINSKI, and CALLAHAN, Circuit Judges.

MEMORANDUM *

1. The district court did not err in dismissing TDC's counterclaim of setoff on abstention principles under *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *See City of Tucson v. U.S. West Communications, Inc.,* 284 F.3d 1128, 1133 (9th Cir.2002).

2. The district court did not err in granting summary judgment to Reliance on its claim for subrogation. The Straub Clinic and Drs. Kubota and Pearce, as parties to the settlement, were "legally obligated to pay" the settlement amount as "damages" within the meaning of the TDC policy; and by settling, TDC could not overcome the presumption of equal fault established by Hawaii law. *See* Hawaii Rev. Stat. §§ 663–12, –17.

3. The district court did not abuse its discretion in denying TDC's motion for reconsideration. *See* Fed.R.Civ.P. 60(b); *see also Maraziti v. Thorpe,* 52 F.3d 252, 253 (9th Cir.1995).

4. Reliance's Motion for Judicial Notice is granted. *See* Fed. R. Evidence 201.

**AFFIRMED.**

of this circuit except as provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts

of this circuit except as provided · by Ninth Circuit Rule 36–3.